[Crim. No. 4957.   Second Dist., Div. One.   Apr. 22, 1953.]

THE PEOPLE, Respondent, v. KEET STEPHENS, Appellant.

G. Vernon Brumbaugh for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DORAN, J.—This is an appeal from the judgment and order denying a motion for a new trial.

Defendant was accused by information with the violation of section 288 of the Penal Code. The victim of the offense was a 7-year-old girl.  The alleged offense occurred in a store operated by defendant.  A jury trial was duly waived and following the trial defendant was adjudged guilty.

It is contended on appeal that,

"The errors of which the defendant and appellant KEET STEPHENS complains of and by which he was deprived of a fair trial may be stated as follows:

"1. That the evidence is insufficient because the testimony of the prosecutrix is inherently improbable;

"2. Errors of the Court in the introduction of evidence."

As recited in appellant's brief,

"It is the appellant's contention that the child was coached by her mother not only before the trial but during the trial. It is apparent from her own statements that she was trying to find out from her mother if she was testifying in the manner which her mother wanted her to testify and was attempting to remember what her mother had told her. It is apparent that she was not testifying from her own knowledge but was testifying at her mother's direction. There is no explaining what motive prompted the mother to coach the child or to give signals as to what answer she should give, whether it was through malice or prejudice against the accused or by reason of oversuspicion or misinformation."

The record reveals a situation which is not unusual; a situation with relation to which opinions may differ but where the trial judge's conclusion, if supported by substantial evidence, is final. In the circumstances presented by the record it appears that the evidence as a matter of law was sufficient to support the judgment.

With regard to the argument that "the child was coached" it appears that this subject was covered not only by defendant's counsel but by the trial judge in the testimony of the child. It should be noted incidentally that the mother was not questioned by defendant's attorney on this subject.

There were no prejudicial errors committed by the court with relation to the introduction of testimony as contended by appellant.

The judgment and order are affirmed.

White, P. J., and Drapeau, J., concurred.